FORT SMITH 'BUILDING & LOAN ASSOCIATION *v.* HIGHT.

4-3984

Opinion delivered October 14, 1935.

*Joseph R. Brown* and *Cravens, Cravens & Friedman,* for appellants.

*G. Byron Dobbs,* for appellees.

HUMPHREYS, J. This case and the appeal and cross-appeal from the decree rendered therein by the chancery court of Sebastian County, Fort Smith District, involves the title to a certain part of lots 5 and 6 in block 634, Neville Addition, which property was sold under two executions issued and levied to collect two deficiency judgments in separate foreclosure proceedings in said court.

In one of the foreclosure proceedings, the Peoples Building & Loan Association was plaintiff and I. L. Hight *et al.* were defendants. In that proceeding a deficiency judgment was rendered against I. L. Hight and others.

In the other foreclosure proceeding the Fort Smith Building & Loan Association was plaintiff and I. L. Hight, H. I. Aday *et al.* were defendants. In that proceeding, a deficiency judgment was rendered against I. L. Hight, H. I. Aday and others.

The deficiency judgment obtained by the Peoples Building & Loan Association was prior in time to that obtained by the Fort Smith Building & Loan Association and was a superior lien against the lands of the respective judgment debtors situated in said county.

The property described above belonged to I. L. Hight at the time the deficiency judgments were rendered against him.

On April 16, 1930, the Fort Smith Building & Loan Association caused an execution to be issued, and the sheriff levied same upon said property, and on June 14, 1930, sold the property under the execution to H. I. Aday for $400, who received a sheriff's deed thereto without paying any amount to either the sheriff or the Fort Smith Building & Loan Association.

Thereafter, on September 19, 1930, the Fort Smith Building & Loan Association purchased the deficiency judgment of the Peoples Building & Loan Association from it for the sum of $472 and took a written assignment thereof, which was immediately recorded.

After the rendition of the deficiency judgments against I. L. Hight in favor of said association and before the execution sale, he conveyed said real estate to his sister, Lucy Woodruff, who in turn conveyed same to Wynema Hight, his daughter, who is the appellee in this case.

On December 11, 1930, H. I. Aday sold said property to Wynema Hight for $432 in cash and executed a quitclaim deed to her for it and paid the amount he received therefor to the Fort Smith Building & Loan Association. She went into immediate possession thereof and expended $111 in repairing it and remained in possession thereof until ousted by H. I. Aday.

In September, 1931, the Fort Smith Building & Loan Association, as assignee of the deficiency judgment of the Peoples Building & Loan Association, caused an execution to be issued and levied upon said property, and at the execution sale H. I. Aday became the purchaser and received a sheriff's deed thereto. He then took possession of the property and rented it until the court in this

proceeding quieted the title in Wynema Hight and decreed the possession thereof to her.

I. L. Hight brought an independent suit in said court to set aside the personal judgment of date January 9, 1929, procured against him by the Peoples Building & Loan Association in its foreclosure suit against him and others, on the alleged ground that when the mortgaged property was conveyed to him by the original mortgagor, he did not assume and agree to pay the mortgage indebtedness. The suit of Hight was consolidated with this proceeding, and they were tried together by the chancellor.

On the hearing of the consolidated cases, the chancery court quieted the title to the property sold under the execution sales in appellee Wynema Hight, and dismissed Hight's complaint for the want of equity.

An appeal has been duly prosecuted to this court by the Fort Smith Building & Loan Association and H. I. Aday, and a cross-appeal has been taken by I. L. Hight.

The record reflects that I. L. Hight was personally served in the foreclosure suit brought by the Peoples Building & Loan Association, in which it was alleged that he purchased the mortgaged property from the mortgagor and as a part of the consideration therefor assumed and agreed to pay the mortgage indebtedness. He failed to answer and made default in that case. The decree in the foreclosure suit recites that the cause was heard on documentary and oral evidence. There is no evidence to show that the personal judgment against him was procured through fraud practiced by any one upon the court, so the judgment of the chancery court dismissing his complaint must be affirmed.

On the other branch of the case, after a very careful reading of the testimony, we are unable to say that the finding of the chancellor, in effect, that, in the purchase of the property at the first execution sale, H. I. Aday represented and acted for the Fort Smith Building & Loan Association, is contrary to the preponderance of the evidence. H. I. Aday was allowed to purchase and procure a sheriff's deed thereto under the first execution without paying a penny to the sheriff or the Fort Smith

418

Building & Loan Association and without any entry being made on the books of said association concerning the transaction. When he sold it to appellee, he immediately turned the amount he received therefor over to the Fort Smith Building & Loan Association. On its face, this looks as if Aday was holding the title thereto for the association, and that the association was the equitable owner thereof. The explanation of Aday and the secretary of the association is very unsatisfactory and not in accordance with ordinary business transactions. The chancellor has found in effect that Aday was a trustee for the Fort Smith Building & Loan Association, and, in view of all the circumstances leading up to and surrounding the transaction, we do not regard his finding as contrary to the preponderance of the evidence.

This being true, it follows that the deficiency judgment lien the Fort Smith Building & Loan Association procured from the Peoples Building & Loan Association merged in the title it procured at its first execution sale and passed to appellee under her quitclaim deed from Aday, the trustee or agent of the Fort Smith Building & Loan Association.

The judgment in favor of appellee is therefore affirmed.